■ AETNA CASUALTY & SURETY COMPANY, Respondent, v FIRST NATIONAL CITY BANK, Defendant and Third-Party Plaintiff-Appellant. BANKERS TRUST Co. et al., Third-Party Defendants-Respondents. CHASE MANHATTAN BANK, N. A., Fourth-Party Plaintiff-Respondent, v WILLIAMSBURGH SAVINGS BANK, Fourth-Party Defendant-Respondent.—Order and judgment (two papers), Supreme Court, New York County, entered January 2, 1976 and January 16, 1976, respectively, granting, *inter alia,* summary judgment in favor of the plaintiff against First National City Bank, denying First National City Bank's cross motion for summary judgment against the third-party defendants, and severing the plaintiff's case against First National City Bank from the third- and fourth-party actions, unanimously modified, on the law, to the extent of denying summary judgment to the plaintiff and denying the motion to sever the third- and fourth-party claims, and otherwise affirmed, with $60 costs and disbursements to appellant. First National City Bank was the drawee bank for Local 1199 Hospital Pension Fund. It cashed 34 checks drawn on the pension fund account in a total amount of $16,890.78. The signatures on the checks were forged. The plaintiff, Aetna Casualty & Surety Company, was the bonding company for the pension fund and, after the fund made demand for the $16,890.78, which was refused, Aetna reimbursed the pension fund. Aetna then sued First National City Bank to recover these moneys. Claims against the third- and fourth-party defendants

are based on warranties and indorsements of the instruments involved. There are issues of fact to be resolved which preclude the granting of summary judgment. One such issue involves the circumstances under which the checks were drawn, including the possibility of a double billing scheme, which would bring into play a defense predicated upon section 3-405 of the Uniform Commercial Code (impostor doctrine). While it is true that First National City Bank has not proceeded with alacrity in its investigation and utilization of discovery proceedings, it nonetheless appears that the relevant information sought is peculiarly within the knowledge of Aetna, and First National City Bank's failure to bare its proof is therefore excused (CPLR 3212, subd [f]). In view of our denial of summary judgment, severance of the third- and fourth-party claims is unnecessary. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.